# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0604, <u>State of New Hampshire v. Vernon Davis</u>, the court on February 27, 2024, issued the following order:**

The court has reviewed the written arguments and record submitted on appeal and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  Following a jury trial in Superior Court (<u>Colburn</u>, J.), the defendant was convicted of second degree assault by knowingly causing bodily injury to a child under 13 years of age.  On appeal, he argues that there was insufficient evidence that he knowingly caused bodily injury to the victim.  We affirm.

> To prevail upon a challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all of the evidence and all of the reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt.  In such a challenge, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Because a challenge to the sufficiency of the evidence raises a claim of legal error, our standard of review is <u>de novo</u>.

<u>State v. Butler</u>, 175 N.H. 444, 447 (2022) (citations omitted).

"A person acts knowingly with respect to conduct or to a circumstance that is a material element of an offense when he is aware that his conduct is of such nature or that such circumstances exist."  RSA 626:2, II(b) (2016).  We have explained that a person "acts knowingly when he is aware that it is practically certain that his conduct will cause a prohibited result."  <u>State v. Hall</u>, 148 N.H. 394, 398 (2002) (quotation omitted).  Here, there was evidence that the defendant repeatedly struck both the victim and her sister with a belt while the girls were standing facing a wall.  The victim's mother, who was present during the incident, testified that she could not recall how long the incident lasted, but that it "felt like a long time."  The victim was crying and screaming during the beating, and pleaded with her mother to make the defendant stop.  The mother testified to seeing a mark on the victim's leg with "open skin and blood."  The victim testified that the beating left "a lot of purple, greenish-blue marks" on her leg.  The victim was later examined by Dr. Ullal, who saw parallel scars on the back of her leg.

She testified that one of the scars likely came from a deeper cut that likely bled, and that the parallel scars were consistent with being struck by a belt.

The defendant argues that the evidence does not establish that he saw any injury to the victim while he was striking her with a belt, or that if he did see an injury, that he continued to strike her thereafter. Here, where the evidence of the defendant's mental state was circumstantial, the defendant must establish that the evidence fails to exclude all reasonable conclusions except guilt. "The proper analysis is not whether the evidence excludes every possible conclusion consistent with innocence, but whether it has excluded all reasonable conclusions other than guilt." State v. Seibel, 174 N.H. 440, 445 (2021). Viewed in the light most favorable to the State, the evidence is sufficient to support the jury's verdict. The defendant struck the victim multiple times over a prolonged period with a belt, causing multiple "purple, greenish-blue marks" and "open skin and blood." This evidence was corroborated by Dr. Ullal's testimony that scars on the victim's leg were consistent with having been struck with a belt. We conclude that the evidence excludes all reasonable conclusions other than that the defendant was aware that it was practically certain that his conduct would cause bodily injury to the victim. See Hall, 148 N.H. at 398. Accordingly, we affirm.

Affirmed.

Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2